OPINION
Appellant Albert Paul Lattimer appeals a judgment of the Holmes County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. Chapter 2950: ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
ORC 2950 ET SEQ. VIOLATES ARTICLE I, SECTION I, OF THE OHIO CONSTITUTION AS THE SAME VIOLATES A PERSON'S INALIENABLE RIGHTS UNDER NATURAL LAW.
ASSIGNMENT OF ERROR NO. 2
THE TRIAL COURT'S FINDING THAT THE APPELLANT IS A "SEXUAL PREDATOR" UNDER ORC 2950 ET. SEQ. IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
On November 22, 1996, appellant was sentenced upon a plea of guilty to one count of gross sexual imposition, in violation of R.C. 2907.05 (A)(5). He was sentenced to a term of eighteen months incarceration. On July 9, 1997, the Holmes County Common Pleas Court held a hearing to determine whether appellant should be adjudicated a sexual predator. Two exhibits were admitted at the hearing: the Forensic Diagnostic Center's Sexual Offender's Evaluation, which was part of the pre-sentence investigation, and a psychological evaluation done for purposes of the pre-sentence investigation. Following the hearing, the court found appellant to be a sexual predator.
 I
Appellant argues that R.C. Chapter 2950 is unconstitutional, as it violates a protected liberty interest. We have previously considered and rejected this argument. State v. Smith (June 30, 1999), Perry Appellate No. 98-2, unreported. The first assignment of error is overruled.
 II
R.C. 2950.01 (E) defines a sexual predator as a person who has been convicted of a sexually oriented offense, and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.09 sets forth factors for the court to consider in making this determination: (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In the instant case, appellant was eighteen at the time of the offense; the victim was eight. The victim was in the home of appellant's aunt, who was babysitting the victim. While the victim claimed that appellant molested her on six occasions, appellant admitted in his pre-sentence psychological evaluation to three instances of molestation. Appellant claimed that the victim was provocative to him, and he was sexually attracted to her. Appellant refused shock probation when informed that he would have to engage in sex-offender treatment. He blamed the victim, and believed she should have been charged for sexually assaulting him. The court's finding that appellant was a sexual predator is not against the manifest weight of the evidence. The conduct involved multiple incidents, all involving the same eight year old girl. Appellant admitted he was sexually attracted to the eight year old girl. In addition, appellant was not interested in obtaining treatment, and accepted a sentence of incarceration rather than engaging in treatment as a part of probation. The second assignment of error is overruled.
The judgment of the Holmes County Common Pleas Court is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur